United States District Court
Southern District of Texas
**ENTERED**
June 23, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE SAMUEL JOJ MACARIO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-3215 |
| | § | |
| MARKWAYNE MULLINS, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Jose Samuel Joj Macario ("Petitioner"), a citizen of Guatemala, entered the United States without inspection on an unknown date.[1] Upon his entry, Petitioner was transferred to the custody of the Office of Refugee Resettlement.[2] On September 28, 2022, an immigration judge ordered Petitioner removed from the United States to Guatemala.[3] Petitioner appealed that decision to the Board of Immigration Appeals ("BIA") on October 26, 2022.[4] On March 25, 2026, Petitioner was stopped by local law enforcement in Montgomery County, Texas, and was transferred to Immigration and

---

[1]Petition for Writ of Habeas Corpus ("Habeas Petition"), Docket Entry No. 1, p. 5 ¶¶ 11-12; Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment, ("Respondents' MSJ"), Docket Entry No. 7, p. 2. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Habeas Petition, Docket Entry No. 1, p. 5 ¶ 12.

[3]Respondents' MSJ, Docket Entry No. 7, p. 2.

[4]Id.

Customs Enforcement custody.[5]  On May 15, 2026, Petitioner's appeal was summarily dismissed by the BIA.[6]  Petitioner remains in immigration under § 1231.[7]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1).  Petitioner argues that his detention without a bond hearing violates (1) the Immigration and Nationality Act, (2) due process, and (3) 8 C.F.R. §§ 236.1, 1232.1, and 1003.19, and is arbitrary and capricious under the Administrative Procedure Act ("APA").[8]  Petitioner also argues that his arrest violates the Fourth Amendment.[9]

Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 7).  Respondents argue that Petitioner is legally detained under § 1231 because he is subject to a final order of removal.[10]  Although paragraph 4 of the court's Order to Answer (Docket Entry No. 6) requires Petitioner to respond to any dispositive motion within 20 days, Petitioner has not responded to Respondents' Motion for Summary Judgment.

---

[5]Habeas Petition, Docket Entry No. 1, pp. 5-6 ¶ 15.

[6]Respondents' MSJ, Docket Entry No. 7, p. 2.

[7]Id.

[8]Habeas Petition, Docket Entry No. 1, pp. 11-19, 22-25 ¶¶ 37-63, 73-103.

[9]Id. at 19-21 ¶¶ 64-70.

[10]Respondents' MSJ, Docket Entry No. 7, p. 1.

Because Petitioner is detained under § 1231, his claims that his detention without a bond hearing under § 1225(b)(2) violates the Immigration and Nationality Act, Bautista v. Santacruz, Case No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), and 8 C.F.R. §§ 236.1, 1232.1, and 1003.19 are moot.[11]

Moreover, Petitioner's claim that his detention without a bond hearing under § 1225(b)(2) is moot.[12]  To the extent Petitioner is arguing that his prolonged detention itself violates substantive and procedural due process, this claim is without merit.  When a petitioner is subject to a final order of removal, he may challenge continued detention under Zadvydas v. Davis, 121 S. Ct. 2491 (2001), which "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States."  Id. at 2498.  Under Zadvydas, a detention

---

[11]Even if these claims were not moot, detention under § 1225(b)(2) without a bond hearing does not violate the INA, Bautista, or bond regulations. Morales v. Frink, CIVIL ACTION NO. H-26-0624, 2026 WL 836662 (S.D. Tex. Mar. 19, 2026) (holding that a petition cannot assert a under bond regulations when he does not establish that he has exhausted his administrative remedies); Romero v. Bradford, 2026 WL 980244, at *1 (S.D. Tex. Apr. 10, 2026) ("As the Fifth Circuit explained in Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), § 1225(b)(2) applies to aliens who were already present in the United States at the time of their arrest. . . . Moreover, the court declines to enforce the Central District's holding in Bautista, as it does not control in light of Buenrostro.").

[12]Even if this claim were not moot, detention under § 1225(b)(2) without a bond hearing does not violate substantive or procedural due process. García De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026); Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026).

period of six months after a final order of removal has been issued is presumed to be reasonable. Asmerom v. Martinez, CIVIL ACTION NO. 4:26-CV-00793, 2026 WL 1707195, at * 3 (S.D. Tex. Jun. 11, 2026). Because Petitioner's order of removal became final on May 15, 2026, he has been in post-removal-period detention for approximately six weeks. His six week detention is "without question presumptively reasonable under Zadvydas, and 'any challenge to his continued post-removal order detention is premature.'" Salmerson v. Bradford, Civil Action Number 4:26-cv-03918, 2026 WL 1539261, at *2 (S.D. Tex. Jun. 1, 2026) (citing Agyei-Kodie v. Holder, 418 F.App'x 317, 318 (5th Cir. 2011)).[13] Moreover, because § 1231 does not "make[] any mention of a bond hearing" and does not "suggest[] that detention requires an individualized assessment of flight risk or dangerousness," procedural due process does not require a bond hearing in this context. Id. at *3.

Finally, as explained in Jiminez v. Bradford, Civil Action No. H-25-5853 (S.D. Tex. Feb. 10, 2026), and Portillo v. Tate, Civil Action No. H-26-0158 (S.D. Tex. Feb. 25, 2026), Petitioner's claims under the APA and the Fourth Amendment are foreclosed.[14]

---

[13]Petitioner does not argue that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas v. Davis, 121 S. Ct. at 2505.

[14]Because Petitioner is able to challenge his detention by
(continued...)

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 7) is **GRANTED,** and Petitioner's Petition for Writ of Habeas Corpus (Docket Entry No. 1) is **DENIED.**

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 23rd day of June, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[14](...continued)
filing a writ of habeas corpus, he is not entitled to relief under the APA. See 5 U.S.C. § 704 ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court, are subject to judicial review.") (emphasis added). Moreover, because Petitioner's Fourth Amendment claim relies on the assertion that the Government lacks the authority to detain him under § 1225, it is foreclosed.